**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Lee Owens, II, | No. CV-05-3250-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming that the circumstances of his confinement in the Maricopa County Jail violated his constitutional rights by subjecting him to overcrowded and unsanitary conditions, and by failing to provide adequate recreational opportunities. The court now has before it defendants' corrected Motion to Dismiss (doc. 9), plaintiff's Response (doc. 10), and defendants' Reply (doc. 12). We also have before us plaintiff's Supplemental Response to the corrected motion to dismiss (doc. 13) and defendants' Reply (doc. 14).

Defendants' Motion to Dismiss is based on their contention that plaintiff failed to exhaust his administrative remedies prior to filing this action. The Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

1   as are available are exhausted." It is well established that the exhaustion provisions of 42
2   U.S.C. § 1997e are mandatory. Booth v. Churner, 532 U.S. 731, 740, 121 S. Ct. 1819, 1825
3   (2001).

4         Plaintiff acknowledges in his Complaint that there are administrative remedies
5   available and that he did not exhaust those remedies. However, he asserts that in August and
6   September, 2004, he submitted two different grievance forms to a detention officer, which
7   he claims were "accepted and signed," but were then returned to him with a reply that "this
8   is a non-grievable issue." Plaintiff's Supplemental Response, Exhibit B. Plaintiff submits
9   only his own affidavit to support this contention; he does not attach copies of those grievance
10  forms. In reply, defendants' submit an affidavit by Sergeant Zelean Tademy, a Maricopa
11  County hearing officer whose duties include processing, tracking and storing prisoner
12  grievances. Sergeant Tademy's review of the inmate grievance records indicated that
13  plaintiff did not file any grievances during his custody.

14        The Maricopa County Sheriff's Office has implemented a comprehensive grievance
15  system set forth in Policy DJ-3, which provides for a multi-tiered administrative review
16  process. Defendants' Motion, Exhibit A. An inmate must complete each level of the
17  administrative process in order to have fully exhausted his remedies. Each step of the
18  process provides a mechanism by which an inmate can proceed, even if the institution is
19  unresponsive to the complaint. The "obligation to exhaust 'available' remedies persists as
20  long as some remedy remains 'available.' " Brown v. Valoff, 422 F.3d 926, 935 (9th Cir.
21  2005) (citing Booth, 532 U.S. 731, 121 S. Ct. 1819). However, an inmate "need not press
22  on to exhaust further levels of review once he has . . . been reliably informed by an
23  administrator that no remedies are available." Id.

24        Here, even if we assume that plaintiff actually filed grievances that were denied as
25  "non-grievable," plaintiff still had the opportunity to appeal that denial. The alleged
26  notification by a detention officer that an issue is "non-grievable" at the first step in the
27  administrative process is not "reliable information by an administrator" that no further
28  possibility of relief is available, particularly when the Policy itself imposes no restrictions

1  on grievable issues. Plaintiff retained the right under Policy DJ-3 to appeal the non-grievable
2  determination through several additional stages of the administrative process.
3      Because plaintiff has failed to exhaust his administrative remedies as required by 42
4  U.S.C. § 1997e, his claims are not properly before us.
5      Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 9).[1]

    DATED this 14th day of April, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] We note that plaintiff incorrectly styles his Response (doc. 10) and his Supplemental Response (doc. 13) as "motions." In the former case, plaintiff is merely responding to the original Motion to Dismiss (doc. 6); and in the latter, plaintiff is responding to the amended Motion to Dismiss (doc. 10). These are not separate motions. Accordingly, the clerk is instructed to remove docket items 10 and 13 from the motions report.